IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JULIE O'LEARY, | Case No. 3:24-cv-00604-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| RADIUS RECYCLING, INC., formerly known as SCHNITZER STEEL INDUSTRIES, INC., an Oregon corporation; CASCADE STEEL ROLLING MILLS, INC., an Oregon corporation, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on nonparty Ginger O'Leary's ("O'Leary") counsel's summary of charges. All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court approves O'Leary's counsel's summary of charges.

## BACKGROUND

Defendants Radius Recycling, Inc. and Cascade Steel Rolling Mills, Inc. (together, "Defendants") recently filed a motion to compel in this employment action, arguing that

PAGE 1 – OPINION AND ORDER

O'Leary, a third-party fact witness, failed to produce documents responsive to Defendants' subpoena duces tecum. (ECF No. 16.) Stephen Brischetto ("Brischetto") represented O'Leary on a pro bono basis and successfully opposed Defendants' motion to compel compliance with their subpoena.

The previously assigned district judge issued minute orders denying Defendants' motion to compel and granting O'Leary's request for attorney's fees on August 16 and August 30, 2024, respectively. (ECF Nos. 23, 29.) In granting O'Leary's request for attorney's fees, the district judge explained that although "'[m]erely losing a motion to compel does not expose a party to [Federal] Rule [of Civil Procedure] 45 sanctions[,]' . . . the Ninth Circuit has explained[] [that] a district court may 'impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law.'" (ECF No. 29, quoting *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013).) The district judge further explained she "found that the requests [that Defendants] made . . . in the third-party subpoena to . . . O'Leary were overbroad, harassing, and unduly burdensome," which meant "Defendants did not 'merely lose a motion to compel.'" (*Id.*, first citing ECF No. 23; and then quoting *Legal Voice*, 738 F.3d at 1185.) Considering "the harassing nature of Defendants' requests, [the district judge found] it appropriate to award sanctions . . . [and] directed [O'Leary] to file [by September 13, 2024] a summary of costs and fees, including an explanation of how the fees are reasonable under the lodestar method." (*Id.*, citing *Solano v. Preciado*, No. 3:23-cv-01178-IM, 2024 WL 3654958 (D. Or. Aug. 5, 2024).)

On September 9, 2024, Brischetto timely filed a summary of charges and an explanation and declaration in support. (ECF Nos. 30-31.) About two weeks later and in accordance with this district's case management plan, the Clerk of Court reassigned the present action to the

PAGE 2 – OPINION AND ORDER

undersigned because all parties had consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). (ECF Nos. 32-34.) Given that the district judge had yet to approve or address Brischetto's summary of charges and supporting explanation, these matters are now before this Court.

## DISCUSSION

Brischetto seeks an attorney's fee award in the amount of $5,844.60, which represents an hourly rate of $612 multiplied by the 9.55 hours he served as pro bono counsel. (ECF No. 30 at 1-3.) Defendants have not responded or objected to Brischetto's summary of charges. Consequently, Defendants have not presented any challenge regarding the reasonableness of Brischetto's hourly rate, the hours that Brischetto estimates that he expended in this litigation, or the evidence Brischetto submitted in support of the hours he served as O'Leary's pro bono counsel.

The Court notes that pro bono counsel may recover attorney's fees "to the same extent that they are recoverable by attorneys who charge for their services." *Gaede v. Delay*, No. 23-35217, 2024 WL 957490, at *2 n.2 (9th Cir. Mar. 6, 2024) ("Contrary to the [plaintiffs'] assertion, pro bono counsel may recover attorney's fees. Indeed, '[a]ttorneys' fees are recoverable by pro bono attorneys to the same extent that they are recoverable by attorneys who charge for their services.'" (quoting *Legal Voice*, 757 F.3d at 1017)). The Court also notes that the district judge found that a fee award is warranted as a sanction under Rule 45, and emphasized that Defendants' subpoena was "overbroad, harassing, and unduly burdensome" and of a "harassing nature." *See generally Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425, 429 (9th Cir. 2012) ("Payment of opposing counsel's attorneys' fees is one form of permissible sanction [under Rule 45]. . . . [A]bsent undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party, [however,] Rule

PAGE 3 – OPINION AND ORDER

45(c)(1) sanctions are inappropriate. Sanctions for issuing a subpoena are in no way supported merely because a party advocated a position in seeking discovery that lost in the end."); *see also Gaeda*, 2024 WL 957490, at *2 & n.1 (evaluating whether the district court abused its discretion in awarding fees and noting that the applicable federal statutory scheme provided for such an award).

Further, the Court finds that Brischetto's requested hourly rate of $612 is reasonable given his experience and relative to other attorneys practicing in the Portland area. *See Gaeda*, 2024 WL 957490, at *2 (evaluating the district court's "basis for finding that the rates billed were reasonable" and holding that the district court "properly applied the relevant standards under [circuit] case law" and "properly made specific findings on counsel's hourly rate based on his experience and as compared to the billing rates of other attorneys practicing in his geographic area") (simplified); *see also United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1106 (9th Cir. 2015) ("The first component of the lodestar [figure] is the prevailing market rate for the work done. '[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)).

Recently, a judge from this district similarly concluded that $612 was a reasonable hourly rate for Brischetto and detailed many specific facts supporting the Court's finding. *See Bala v. Or. Health & Sci. Univ.*, No. 3:18-c-v-00850-HZ, 2024 WL 3785975, at *5-7 (D. Or. Aug. 12, 2024) (applying the lodestar method in an employment case where Brischetto's requested hourly rate was $685, noting that Brischetto has "been practicing law since 1977," "focuses on civil rights and employment law," served as "lead counsel or co-counsel in approximately [forty-

PAGE 4 – OPINION AND ORDER

eight] reported cases," "tried more than [fifty] employment cases to a jury verdict," "served on various committees for the Oregon State Bar[,] and authored publications about employment law practice," and finding that an hourly rate of $612 "rate [was] reasonable for Mr. Brischetto given his experience").

Additionally, the Court finds that nothing in the record undermines Brischetto's representation and supporting declaration that he reasonably expended 9.5 hours performing pro bono work for O'Leary. *Cf. Gaeda*, 2024 WL 957490, at *2 (holding that the district court abused its discretion in "finding the billed hours submitted by counsel were reasonably attributed to work performed" for the defendant and explaining that the defendant's counsel's supporting evidence failed to "distinguish counsel's time" with respect to certain matters involving other named defendants). As a result, the lodestar figure is $5,844.60 (i.e., Brischetto's reasonable hourly rate of $612 multiplied by the 9.55 hours that Brischetto reasonably expended as pro bono counsel).

"The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the [relevant portion of the] litigation." *Hood River Cnty. Sch. Dist. v. Student*, No. 3:20-cv-01690-SI, 2022 WL 1153986, at *5 (D. Or. Apr. 19, 2022) (quoting *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)). Notably, "[a]lthough a [district] court may rely on any of these factors to increase or decrease the lodestar figure, there is a 'strong presumption that the lodestar is the reasonable fee.'" *Id.* (quoting *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009)).

Consistent with the strong presumption that the lodestar is the reasonable fee, absence of any objection or argument to the contrary, and case law cited herein, the Court declines to

PAGE 5 – OPINION AND ORDER

increase or decrease the lodestar and approves Brischetto's request for a fee award in the amount of $5,844.60. *See Black v. Wrigley*, No. 18-cv-02367, 2019 WL 2717212, at *8 (S.D. Cal. June 28, 2019) (stating that "[c]ourts imposing a sanction of attorneys' fees under Rule 45[] have often granted sanctions equaling most if not all of the attorneys' fees sought") (citations omitted).

## CONCLUSION

For the reasons stated, the Court APPROVES Brischetto's summary of charges, supporting explanation, and request for attorney's fees in the amount of $5,844.60 (ECF No. 30), and orders Defendants to pay the fee award within thirty days.

**IT IS SO ORDERED.**

DATED this 29th day of October, 2024.

HON. STACIE F. BECKERMAN
United States Magistrate Judge