IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULIE O'LEARY,                                          Case No. 3:24-cv-00604-SB

              Plaintiff,                         **OPINION AND ORDER**

        v.

RADIUS RECYCLING, INC., formerly
known as SCHNITZER STEEL
INDUSTRIES, INC., an Oregon corporation;
CASCADE STEEL ROLLING MILLS, INC.,
an Oregon corporation,

              Defendants.

---

**BECKERMAN, U.S. Magistrate Judge.**

      Before the Court is Plaintiff Julie O'Leary's ("Plaintiff") motion for attorney's fees under

Federal Rule of Civil Procedure ("Rule") 45(d)(1). The Court has jurisdiction over this matter

under 28 U.S.C. § 1331, and the parties have consented to the jurisdiction of a magistrate judge

under 28 U.S.C. § 636(c). For the reasons explained below, the Court denies Plaintiff's motion

for attorney's fees.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff filed this employment action against Radius Recycling, Inc., formerly known as Schnitzer Steel Industries, Inc., and Cascade Steel Rolling Mills, Inc. (together, "Defendants"), on April 9, 2024. (Compl. at 37, ECF No. 1.) In her complaint, Plaintiff asserts claims against Defendants for violations of Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act, the Family and Medical Leave Act, and Oregon Revised Statutes chapter 659A. (*Id.* at 24-36.)

After filing their answer and affirmative defenses, Defendants filed a motion to compel on July 24, 2024, arguing that nonparty Ginger O'Leary ("O'Leary"), a third-party fact witness, failed to produce documents responsive to Defendants' subpoena duces tecum. (ECF Nos. 6, 16.) Stephen Brischetto ("Brischetto") represented O'Leary on a pro bono basis and successfully opposed Defendants' motion to compel compliance with the subpoena. (*See* ECF Nos. 20, 22, 23, 31.)

On August 16 and August 30, 2024, the previously assigned district judge issued minute orders denying Defendants' motion to compel and granting O'Leary's request for attorney's fees under Rule 45, respectively. (ECF Nos. 23, 29.) In granting O'Leary's request for attorney's fees, the district judge explained that "'[m]erely losing a motion to compel does not expose a party to Rule 45 sanctions[,]' . . . [but] the Ninth Circuit has [recognized that] a district court may 'impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law.'" (ECF No. 29, quoting *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013).) The district judge further explained that she "found that the requests [Defendants] made . . . in the third-party subpoena to . . . O'Leary were overbroad, harassing, and unduly burdensome," and thus "Defendants did not 'merely lose a motion to compel.'" (*Id.*, first citing ECF No. 23; and then quoting *Legal Voice*, 738 F.3d at 1185.)

PAGE 2 – OPINION AND ORDER

Considering "the harassing nature of Defendants' requests, [the district judge found] it appropriate to award sanctions . . . [and] directed [O'Leary] to file [by September 13, 2024] a summary of costs and fees, including an explanation of how the fees are reasonable under the lodestar method." (*Id.*, citing *Solano v. Preciado*, No. 3:23-cv-01178-IM, 2024 WL 3654958 (D. Or. Aug. 5, 2024).)

On September 9, 2024, Brischetto timely filed a summary of charges and an explanation and declaration in support. (ECF Nos. 30-31.) About two weeks later and in accordance with this district's case management plan, the Clerk of Court reassigned the present action to the undersigned because all parties had consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). (ECF Nos. 32-34.) Given that the district judge had yet to approve or address Brischetto's summary of charges and supporting explanation, this Court issued an Opinion and Order addressing those matters. (ECF No. 43.) The Court approved Brischetto's summary of charges, supporting explanation, and requests for attorney's fees in the amount of $5,5844.60. (*Id.*)

Shortly after the Clerk of Court reassigned this action, Plaintiff filed her pending motion for attorney's fees under Rule 45(d)(1), which, like the nonparty's request for attorney's fees, concerns Defendants' subpoena and motion to compel. (*See* Pl.'s Mot. Att'y Fees ("Pl.'s Mot.") at 2, ECF No. 35, seeking attorney's fees, noting that "[i]n the Ninth Circuit, a district court has discretion to award attorney['s] fees pursuant to [Rule] 45(d)(1)," and stating that Plaintiff's motion is "related to" Defendants' subpoena and motion to compel (citing *Legal Voice*, 738 F.3d at 1185).)

///

///

## DISCUSSION

The Courts concludes that Plaintiff fails adequately to demonstrate that she is entitled to award of reasonable attorney's fees under Rule 45(d)(1).

Rule 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense *on a person subject to the subpoena*." FED. R. CIV. P. 45(d)(1) (emphasis added). If a party or attorney fails to do so, Rule 45(d)(1) authorizes enforcement of this duty through an appropriate sanction, which may include reasonable attorney's fees: "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." FED. R. CIV. P. 45(d)(1); *see also Legal Voice*, 738 F.3d at 1185 & n.1, explaining that "[u]nlike Rule 45(d)(2)(B)(ii), Rule 45(d)(1) is discretionary," and that "Rule 45(c), which was in effect [during the parties' appeal] . . . , was renumbered and now appears, without substantive change, as Rule 45(d)").

Plaintiff argues that she is entitled to an award of reasonable attorney's fees because her "counsel reasonably spent time responding to correspondence, conferring, and briefing regarding Defendants' subpoena and motion to compel." (Pl.'s Mot. at 3.) In support of her argument, Plaintiff emphasizes that (1) she had an interest in objecting to Defendants' subpoena and motion to compel O'Leary's compliance because Defendants were using the subpoena as a "ruse" to obtain Plaintiff's communications; (2) in responding to O'Leary's request for attorney's fees, Defendants argued that their subpoena would have been moot or withdrawn but Plaintiff's counsel failed timely to provide the information Defendants requested; (3) Plaintiff's counsel disagreed with "that characterization of [discovery] and prepared a declaration" to that effect; and (4) the district judge's courtroom deputy emailed asking when the district judge could expect

to receive Plaintiff's response to Defendants' motion to compel. (*Id.*, citing ECF No. 19 at 7,
ECF No. 24 at 6, ECF No. 28, and Decl. Daniel Snyder Supp. Pl.'s Mot. Att'y Fees. Ex. 1, ECF
No. 36.)

In terms of any legal authority supporting the position she advances, Plaintiff offers only
the following statement and citation: "In the Ninth Circuit, a district court has discretion to award
attorney['s] fees pursuant to [Rule 45(d)(1)]." (*Id.* at 2, citing *Legal Voice*, 738 F.3d at 1185.)
Plaintiff fails to demonstrate that she entitled to a fee award under the circumstances presented
here.

The district court addressed a comparable situation in *Silverstone Holding Grp., LLC v.
Zhongtie Dacheng (Zhuhai) Investment Management Co.*, 650 F. Supp. 3d 199, 201 (S.D.N.Y.
2023), a miscellaneous proceeding related to an action pending in California federal court. *Id.*
After the plaintiff in the California action served a subpoena on a nonparty banking institution,
the nonparty petitioner—who maintained an account at the bank and whose previously
authorized account signatories included one of the judgment debtor defendants in the California
action—moved to quash the subpoena served on the bank pursuant to Rule 45(d). *Id.* The district
court quashed the subpoena and, to the extent the bank had already produced information
responsive to the subpoena, granted the petitioner's request for a protective order. *Id.* at 204. The
district court then turned to the petitioner's request for attorney's fees under Rule 45. *Id.* The
California plaintiff "offer[ed] no argument as to why" it generally opposed the petitioner's
request for attorney's fees. *Id.* Nevertheless, the district court explained that because the
petitioner was not the subpoena recipient (i.e., in Rule 45 parlance, the petitioner was not
"subject to" and was merely "affected by" the subpoena), the petitioner was not entitled to a fee
award:

[Rule] 45(d)(1) provides that [a] [c]ourt must impose "appropriate sanction[s]" for parties who fail to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." [FED. R. CIV. P. 45(d)(1).] This "may include lost earnings and reasonable attorneys' fees." [FED. R. CIV. P. 45(d)(1).] To take advantage of this provision, however, [the petitioner] must show that it is "a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). But Rule 45(d)(3)—the section under which [the petitioner] has moved to quash—makes a distinction between a person "subject to" a subpoena and a person "affected by" a subpoena. FED. R. CIV. P. 45(d)(3). Under a natural reading of this language, [the petitioner] is "affected by" the subpoena, and [the bank] is "subject to" the subpoena. Because Rule 45(d)(1) does not allow attorney's fees for those "affected by" a subpoena, [the court] view[s] the rule as permitting an award of attorney's fees only to a person that is "subject to" a subpoena. Because [the petitioner] is not the recipient of the subpoena, and thus is not "subject to" the subpoena, its request for attorney's fees under [Rule] 45(d)(1) is denied.

*Id.*

The district court reached a similar result in *Low v. Omni Life Science, Inc.*, No. 21-1568, 2022 WL 6751899, at *1 (N.D. Ill. Oct. 11, 2022). In that case, the plaintiffs in an Oklahoma federal court action issued a subpoena to a nonparty and the defendants' counsel filed a motion to quash the subpoena in an Illinois federal court in the district where the nonparty resided. *Id.* at *1-2. The district court granted the defendants' "unopposed" motion to quash, noting that the plaintiffs informed the nonparty that they would not be appearing in the Illinois federal court. *Id.* at *1. The nonparty subsequently filed "an opposed motion for sanctions," wherein he sought attorney's fees and argued that the plaintiffs issued the subpoena without "tak[ing] reasonable steps to avoid imposing an undue burden on him." *Id.* In denying the nonparty's motion for sanctions, the district court emphasized that the nonparty failed to present any evidence demonstrating that he incurred the fees in question and effectively sought an order requiring the plaintiffs to pay fees for work that an opponent authorized its lawyers to perform for a nonparty:

As discussed below, moreover, the financial burden fell entirely on a party in the litigation . . . rather than on the non-party, as sometimes happens when a non-party is aligned with a party (as here), or when a party has some other motivation for hiring (and paying) counsel for a non-party. In declining to impose sanctions,

the [c]ourt is also mindful that [the] [p]laintiffs opted not to oppose the motion to quash or file a motion to compel compliance. . . .

        . . . .

        Even where a non-party suffers an undue burden or expense because the party or attorney issuing the subpoena failed to take reasonable steps to avoid this, the question arises of what "appropriate sanction" to impose. Rule 45(d)(1) provides that courts must "impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." FED. R. CIV. P. 45(d)(1). In his motion for sanctions, [the nonparty] argues that he "unnecessarily incur[red] the burden and expense" of responding to the subpoena and so is entitled to recover "his reasonable attorneys' fees" as a sanction. It is clear from the [defendant's law firm's] invoice and billing records attached to the motion, however, that the bill for the work performed on [the nonparty's] motion to quash went to (and by now presumably has been paid by) [the] [d]efendant . . . and not [the nonparty]. [The nonparty] has not presented any evidence suggesting that he personally paid for his legal representation. So in effect, the sanction [the nonparty] seeks is an order requiring [the] [p]laintiffs to pay to [the] [d]efendant . . . the amount [the defendant] agreed to pay its own lawyers to file the motion to quash and motion for sanctions on [the nonparty's] behalf and otherwise represent him. [The nonparty] has not identified any case suggesting that Rule 45(d)(1) contemplates this type of sanction (payment of fees incurred by a party) where the non-party did not incur the undue burden of those fees. Absent evidence that [the nonparty] suffered any undue burden in this case, the [c]ourt declines to find that a sanction should be imposed under Rule 45(d)(1), and that an appropriate sanction would be payment of attorneys' fees incurred by [the defendant].

*Id.* at *6 (simplified); *see also Gemstone Foods, LLC v. AAA Foods Enters. Inc.*, No. 5:15-cv-2207, 2019 WL 4887507, at *4 (N.D. Ala. Sept. 4, 2019) ("[The] [d]efendants seek imposition of sanctions under Rule 45(d)(1). However, the subpoena is not directed to [the] [d]efendants, so they are not the 'person subject to the subpoena.' . . . The Special Master does not recommend imposition of sanctions against [the] [p]laintiffs and in favor of [the] [d]efendants." (quoting FED. R. CIV. P. 45(d)(1))).

        In-circuit cases are in accord. For example, in *Appel v. Wolf*, No. 21-cv-01466, 2021 WL 5234424, at *1 (S.D. Cal. Nov. 9, 2021), the petitioner and respondent were, respectively, the plaintiff and defendant in the underlying action. *Id.* The petitioner sought "reasonable expenses

and fees for each of the motions" to quash or for protective orders related to eight non-party

subpoenas that respondent issued. *Id.* The district court observed that the petitioner's motion

"only quote[d] Rule 45(d)(1)," "state[d] the amount of fees he [was] seeking," and did "not

otherwise address the issue," and the petitioner's reply "reiterate[d] [the] request for the fees

related to th[e] [m]otion, but again, provide[d] no argument in support." *Id.* at *13 (simplified).

The district court held that "the imposition of sanctions [was] not warranted[.]" *Id.* In support of

its holding, the district court emphasized that it was "not clear that such a sanction [was] even

required [under the circumstances] given [that the respondent's] subpoenas were issued to non-

parties, not [the petitioner], and Rule 45(d)(1) imposes sanctions for 'imposing an undue burden

or expense *on a person subject to the subpoena*.'" *Id.* (quoting FED. R. CIV. P. 45(d)(1)). The

district court also explained that it was "not inclined to impose sanctions on essentially no

substantive briefing." *Id.*

　　Similarly, in *Ortiz v. Lucero Ag Services, Inc.*, No. 1:23-cv-01319, 2024 WL 2855367, at

*1-2 (E.D. Cal. May 7, 2024), the plaintiff's motion requested "attorney fees for the time spent

drafting and filing [a] motion" regarding the defaulted defendants' failure to respond to the

plaintiff's subpoenas, and the plaintiffs cited Rule 45(d)(1) "[a]s ground[s]" for doing so. *Id.* The

district court explained that Rule 45(d)(1) "appear[ed] inapplicable" because "[it] refers to

avoiding undue burden on the person subject to a subpoena—not for the person serving the

subpoena," and the "[p]laintiffs ha[d] not been subpoenaed; rather, they . . . issu[ed] the

subpoenas." *Id.* at *2. Accordingly, the district "court request[ed] supplemental authority, if any,

regarding [the] [p]laintiffs' requests for attorney fees to enforce the subpoena." *Id.* The plaintiffs

never provided such authority. *See Ortiz v. Lucero Ag Servs., Inc.*, No. 1:23-cv-01319, 2024 WL

3029254, at *5 (E.D. Cal. June 17, 2024) ("In their supplement, [the] [p]laintiffs do not mention

Rule 45(d)(1), leading the [c]ourt to believe that they no longer intend to rely on this provision.").

The Court concludes that Plaintiff has failed to demonstrate that she is entitled to a fee award under the circumstances presented here. Similar to the authorities described above, Plaintiff was merely "affected by" and not "a person subject to" the subpoena, and she has not presented any authorities supporting her position. For these reasons, the Court denies Plaintiff's motion for fees under Rule 45(d)(1).[1]

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiff's motion for attorney's fees (ECF No. 35).

**IT IS SO ORDERED.**

DATED this 26th day of November, 2024.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] Of course, Plaintiff may seek to recover the attorney's fees she spent in connection with objecting to Defendants' subpoena if she prevails on any of her fee-shifting claims.